Case 4:21-cr-00602 Document 18 Filed on 12/20/21 in TXSD Page 1 of 5

United States Courts Southern
District of Texas
FILED

*12/20/2021*

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> § <br> v. § <br> § <br> ANTHONY OBUTE, § <br> § <br> Defendant. § § | Criminal No. **4:21-cr-602** |

## INDICTMENT

The Grand Jury charges:

### GENERAL ALLEGATIONS

At all times material to this Indictment, unless otherwise specified:

1. The Controlled Substances Act ("CSA") governed the manufacture, distribution, and dispensing of controlled substances in the United States. With limited exceptions for medical professionals, the CSA made it unlawful for any person to knowingly or intentionally manufacture, distribute, or dispense a controlled substance or conspire to do so.

2. The CSA and its implementing regulations set forth which drugs and other substances are defined by law as "controlled substances," and assigned those controlled substances to one of five schedules (Schedule I, II, III, IV, or V) depending on their potential for abuse, likelihood of physical or psychological dependency, accepted medical use, and accepted safety for use under medical supervision.

3. A controlled substance assigned to "Schedule II" meant that the drug had a high potential for abuse and a currently accepted medical use in treatment in the United States, or the drug had a currently accepted medical use with severe restrictions. Hydrocodone was classified as a Schedule II controlled substance. 21 C.F.R. § 1308.12(b)(1)(vi). Hydrocodone was used to treat

severe pain. Hydrocodone, as with other opioids, was highly addictive. Tablets combining 10mg of hydrocodone bitartrate and 325mg of acetaminophen ("hydrocodone 10-325mg") had substantial street value and were in high demand on Houston's illicit drug market.

4.  "Potentiators," so-called because they enhance the high from opioids like oxycodone and hydrocodone, included carisoprodol, a Schedule IV controlled substance classified as a muscle relaxant.

5.  With exceptions not applicable here, appropriately licensed and registered pharmacies could dispense controlled substances only pursuant to legitimate prescriptions. *See* 21 C.F.R. § 1306.04. Both Texas and federal law recognize the corresponding responsibility of a pharmacist to ensure a prescription for controlled drugs has been issued for a legitimate medical purpose in the usual course of that practitioner's professional practice.

6.  Chapter 21 of the Code of Federal Regulations, Section 1306.06 governed the filling of prescriptions and provided, "A prescription for a controlled substance may only be filled by a pharmacist, acting in the usual course of his professional practice and either registered individually or employed in a registered pharmacy, a registered central fill pharmacy, or registered institutional practitioner."

### RELEVANT INDIVIDUALS AND ENTITIES

7.  Defendant **ANTHONY OBUTE** resided at 2419 Ponderosa Ridge Dr., Manvel, Texas 77578. **ANTHONY OBUTE** was the owner and pharmacist-in-charge ("PIC") at Keystone Pharmacy ("Keystone").

8.  Keystone was located at 9301 Gulf Freeway, Houston, Texas 77017, and purchased large quantities of oxycodone, hydrocodone, and other commonly diverted controlled substances, which **ANTHONY OBUTE** caused Keystone to dispense outside the scope of professional practice and without a legitimate medical purpose.

9.  **PERSONS A** and **B** were pharmaceutical drug traffickers that brought **ANTHONY OBUTE** prescriptions for hydrocodone and carisoprodol, among other controlled substances. In turn, **ANTHONY OBUTE** distributed and dispensed hydrocodone and carisoprodol, among other controlled drugs, to **PERSONS A** and **B**, and to other drug traffickers, outside the scope of professional practice and without a legitimate medical purpose, knowing that **PERSONS A** and **B**, and other drug traffickers, would sell them on the black market.

## COUNTS ONE & TWO
### Distribution and Dispensing of a Controlled Substance
(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), & 18 U.S.C. § 2)

10. Paragraphs 1 through 9 are re-alleged and incorporated by reference as though fully set forth herein.

11. On or about the dates specified below, in the Houston Division of the Southern District of Texas and elsewhere, the Defendant,

**ANTHONY OBUTE,**

aiding and abetting and aided and abetted by **PERSON A, PERSON B**, and others, did knowingly, intentionally, and unlawfully distribute and dispense, not for a legitimate medical purpose and outside the course of professional practice, the controlled substances alleged below:

| Count | Defendant | Purported Patient | Medications Dispensed | Drug Schedule | Dosage Units | Approx. Dispense Date |
|---|---|---|---|---|---|---|
| 1 | ANTHONY OBUTE | W.S. | Hydrocodone | II | 110 | May 28, 2020 |
| | | | Carisoprodol | IV | 30 | |
| 2 | ANTHONY OBUTE | D.M.H. | Hydrocodone | II | 120 | Aug. 4, 2020 |
| | | | Carisoprodol | IV | 90 | |

Each in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## NOTICE OF CRIMINAL FORFEITURE
(21 U.S.C. § 853)

12. The allegations contained in Counts 1 and 2 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853, which provides that upon conviction on an offense in violation of Title 21, United States Code, Section 841, the Defendant, **ANTHONY OBUTE**, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

13. If any of the property described above, as a result of any act or omission of the defendant[s]:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

                     A TRUE BILL

                     Original Signature on file
                     FOREPERSON

JENNIFER B. LOWERY
ACTING UNITED STATES ATTORNEY

JOSEPH S. BEEMSTERBOER
ACTING CHIEF
FRAUD SECTION, CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

_____
DREW PENNEBAKER
TRIAL ATTORNEY
FRAUD SECTION, CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE